### ROSENBLATT v. LESSER.

(Supreme Court, Appellate Term.   June 3, 1908.)

APPEAL AND ERROR—RECORD—AMENDMENT.

In an action on a note, the defense being payment and a counterclaim, evidence to support the counterclaim was rejected on the ground that defendant had sued plaintiff thereon in the City Court, which suit was then at issue. It was stipulated that such suit was pending, "wherein the subject-matter of the alleged counterclaim * * * was made the subject-matter of complaint." *Held*, that the court on appeal could not say positively from the stipulation that the cause of action in the counterclaim was the same as that in the complaint in the other suit; "subject-matter" and "cause of action" not being necessarily the same thing, and that the record should be remitted to the trial court, to be amended by adding the complaint in the other action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2830, 2831.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Solomon Rosenblatt against Bertsch A. Lesser. From a judgment for plaintiff, defendant appeals. Record held defective, and to be remitted to the trial court for amendment.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Max D. Steuer, for appellant.
Feltenstein & Rosenstein, for respondent.

PER CURIAM. This action was brought upon a promissory note made by the defendant, and the defense was payment and counterclaim. The plaintiff introduced proof establishing a prima facie case, and rested. The record discloses the following as having occurred during the introduction of defendant's testimony:

"Plaintiff's Counsel: It is conceded there is another action pending, wherein the present defendant is plaintiff and the present plaintiff is defendant, in the City Court of the city of New York, brought prior to the commencement of this action, wherein the subject-matter of the alleged counterclaim sought to be interposed in this action was made the subject-matter of complaint in the other action, and that the answer was served and issue joined, and such action is now actually pending in the City Court of New York. Now, I object to the proof of the counterclaim on the ground of the previous action pending."

The defendant was not allowed to introduce proof of the counterclaim; the trial court holding that it was for the same cause of action as that pending in the City Court. The appellant claims that this ruling was erroneous, and that the judgment should be reversed. It does not necessarily follow that the words "same subject-matter" imply "same cause of action." We are, therefore, not able to say from the language of the stipulation that the cause of action set forth in the complaint in the City Court action is the same cause of action as that which constitutes the counterclaim herein.

The record must be returned to the files of the court below, to be·
amended by annexing thereto the complaint in the City Court action..
When so amended, the case may be resubmitted for decision.